**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Old Dominion Freight Line Incorporated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Kale Bowman, et al., <br><br> Defendants. | No. CV-20-01292-PHX-DLR <br><br> **ORDER** |

Before the Court is Kale Bowman's motion, which requests that Plaintiffs' motion to dismiss be construed as a motion for summary judgment and requests an extension of time to allow for discovery before filing a supplemental response thereto.[1] (Doc. 22.) For the following reasons, Mr. Bowman's motion is granted.

"A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss." *ABC Water LLC v. APlus Water LLC*, No. CV-18-04851-PHX-SPL, at *1 (D. Ariz. Aug. 16, 2019) (citation omitted). "Pursuant to Fed.R.Civ.P. 12(d), if the Court considers evidence extrinsic to the pleadings, the motion must be treated as a summary judgment motion." *Fekete v. Uniworld River Cruises, Inc.*, CV-15-02161-TJH(SSx), 2018 WL 6332283, at *1 (C.D. Cal. Jan. 24, 2018) (citing *Yakima Valley Memorial Hosp. v. Wash. State Dept. of Health*, 654 F.3d 919, 925 n.6 (9th Cir. 2011)). However, the Court may consider "documents attached to the complaint,

---

[1] Notably, Mr. Bowman has already filed a response to the motion to dismiss. (Doc. 21.)

documents incorporated by reference in the complaint, or matters of judicial notice []  without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citation omitted). "[T]he district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss." *Id.*

Here, Plaintiffs attached to their motion to dismiss the affidavit of Ms. McGovern, which includes the following exhibits: (1) a January 18, 2018 letter ("the January Letter") from Mr. Bowman's attorney requesting the operating documents under the Old Dominion Employee Benefit Plan ("the Plan") and (2) an April 26, 2018 letter ("the April Letter") from Ms. McGovern to Mr. Bowman's attorney enclosing (a) a copy of the 2017 Summary Plan Description, (b) a Form 5500, and (c) an affidavit from the Plan's employee benefits manager, Judith Sweger. (Doc. 16-1.) While Plaintiffs are correct that Mr. Bowman's answer generally mentions both the January Letter and the April Letter—thereby acknowledging the *existence* of the communications—the pleadings do not reference Ms. McGovern's affidavit or stipulate to the veracity of the representations made within the April Letter. As such, from this point forward, the Court shall treat Plaintiffs' motion as a motion for summary judgment.

Next, Plaintiffs' motion assumes the truth of the letters' representations while all information to determine their truth or falsity is in Plaintiffs' possession. Without allowing him time to conduct discovery prior responding, Mr. Bowman will be unable to verify or discredit these representations. The Court will therefore allow Mr. Bowman six weeks to conduct the necessary discovery to respond to Plaintiffs' motion. Accordingly,

**IT IS ORDERED** that Mr. Bowman's motion (Doc. 22) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion to dismiss (Doc. 16) is hereinafter treated as a motion for summary judgment.

/ / /

/ / /

/ / /

1 **IT IS FURTHER ORDERED** that Mr. Bowman is permitted an extension of time—prior to filing a supplemental response—in order to conduct discovery. Mr. Bowman's response is due no later than November 20, 2020. Plaintiffs' reply is due no later than December 4, 2020.

Dated this 9th day of October, 2020.

Douglas L. Rayes
United States District Judge