**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Old Dominion Freight Line Incorporated, et al., | No. CV-20-01292-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Kale Bowman, et al., | |
| Defendants. | |

Before the Court are Plaintiffs' motion for attorney fees (Doc. 53) and Defendant's motion to amend judgment (Doc. 55). Both are fully briefed. (Docs. 56-59.) The Court addresses Defendant's motion first.

## I. Background

The Court recites the relevant factual background in its August 3, 2021 order. (Doc. 49.) These motions arise after the Court granted summary judgment in favor of Plaintiffs in the amount of $137,175.99. (Doc. 49.)

## II. Defendant's Motion to Amend Judgment

Under Federal Rule of Civil Procedure 59(e), a party can move the Court to amend its judgment within 28 days of entry. The Court has considerable discretion over such motions because Rule 59(e) does not specify the grounds upon which relief may be granted. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Amending a judgment after entry, however, is "an extraordinary remedy which should be used sparingly." *Id.*

(citation and quotation omitted).  There are four basic grounds upon which a Rule 59(e) motion generally may be granted: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) in response to newly discovered or previously unavailable evidence; (3) to prevent a manifest injustice; and (4) if an intervening change in controlling law undermines the judgment.  *Id.*  Defendant's arguments all sound under the first ground, to correct manifest errors of law or fact upon which the judgment rests

### A.  Applying the Limitations Period to Defendant's Counterclaim

Defendant argues that the Court failed to consider subsequent requests for documents related to the plan when establishing the limitations period.  True.  The Court did not consider those subsequent requests because a claim under 29 U.S.C. § 1132(c) accrues on the date of "the *earliest* alleged refusal to provide the relevant information." *Stone v. Travelers Corp.*, 58 F.3d 434, 439 (9th Cir. 1995) (emphasis added).  Defendant has not shown a manifest error of law or fact.

### B.  The Burden to Dispute the 2017 SPD's Enforceability

Defendant next argues that the Court made a manifest error of law when it improperly foisted upon him the burden to show that the 2017 SPD was unenforceable. This misstates the law.  The law requires a movant seeking to enforce an ERISA subrogation provision must show that the document satisfies the requirements for a governing document, none of which are to prove that the provision is enforceable.  *See* 29 U.S.C. § 1102(b). As explained in the Court's previous order, Plaintiff satisfied these requirements and established the 2017 SPD as the governing plan.  (Doc. 49.)  Defendant has shown no manifest error of law or fact.

### C.  Whether the 2017 SPD is Enforceable

Defendant contends that the Court made a manifest error when it found the 2017 SPD was enforceable.  In attacking the 2017 SPD's enforceability, Defendant could create a genuine and material factual dispute in at least two ways: (1) providing another written instrument purporting to be the operate plan document or (2) showing that the 2017 Plan was not adopted through the procedures outlined by the previous operant plan.  *See, e.g.*,

*Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1159 (9th Cir. 2001).  But Defendant took neither path.  The 2017 is the only plan document before the Court. Instead, Defendant argued that Plaintiffs failed to follow the amendment process outlined in the 2017 SPD when it adopted the 2017 SPD.  But that mechanism only describes how Plaintiffs may amend the 2017 SPD, not the process it had to follow to adopt the 2017 SPD itself, which would be the governing process.  Thus, Defendant failed to establish the existence of a material factual dispute.

**III.  Motion for Attorney Fees**

A court in its discretion may award reasonable attorney fees and costs of an action under ERISA to any party.  29 U.S.C. § 1132(g)(1).  Although the statute vests judges with broad discretion, the discretion is not unlimited.  *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010).  Before fees may be awarded under § 1132(g)(1), a fees claimant must show "some degree of success on the merits," which requires more than "trivial success on the merits" or a "purely procedural victory."  *Id.*  The court may award fees without lengthy inquiry into whether a party's success was substantial or on a central issue if the court can fairly call it "some success on the merits." *Id.*

Defendant does not contest that Plaintiffs prevailed in this suit.  Instead, he contests the motion on the grounds that (1) Plaintiffs lack standing to recover attorney fees; (2) Plaintiffs failed to provide the documentation required by Local Rule 54.2(d)(2); (3) consideration of the *Hummell*[1] factors weigh against an award of fees, and (4) the fees requested by Plaintiffs are excessive and unreasonable.  (Doc. 56 at 1.)  The Court addresses the merits of the motion and Defendant's arguments below.

**A.  Standing to Recover Attorney Fees**

As a threshold matter, Defendant argues that Plaintiffs are not entitled to recovery any attorney fees because they did not incur attorney fees when a third party, UnitedHealth, already paid those fees as part of a claims administration agreement.  Indeed, Defendant contends that UnitedHealth party is a real party in interest and the failure to join it is fatal

---

[1] *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980).

to Plaintiff's motion for attorney fees.

The Court disagrees. "[A]ttorney fees can be awarded so long as the underlying action was brought 'by a participant, beneficiary, or fiduciary,'" just as it was in this matter. *Almont Ambulatory Surgery Ctr., LLC v. Int'l Longshoremen's & Warehousemen's Union-Pac. Mar. Ass'n Welfare Plan*, No. 20-55464, 2021 WL 5002216, at *1 (9th Cir. Oct. 28, 2021) (quoting 29 U.S.C. § 1132(g)(1)). "ERISA does not require a party to have paid for its defense out of pocket to receive a fee award." *Id.*; *cf.* 29 U.S.C. § 1132(g)(1).

### B.  Compliance with Local Rules

In addition to meeting § 1132(g)(1)'s eligibility requirements, a party seeking attorneys' fees must also satisfy local rules, at least by "substantial compliance." *Gary v. Carbon Cycle Arizona*, 398 F.Supp.3d 468, 484 (D. Ariz. 2019). Defendant argues that Plaintiffs failed to provide all the required documentation under the local rules., namely a "complete copy of any written fee agreement." LRCiv. 54.2(d)(2). Plaintiffs substantially complied here, providing the agreement that set the rates between Plaintiff's counsel and UnitedHealth. (Doc. 53-2 at 5-8.) The local rule does not require more documentation. Contrary to Defendant's assertion, the claims administration agreement between Plaintiffs and UnitedHealth would not satisfy LRCiv. 54.2(d)(2) because it would not be an agreement for attorney fees

### C.  The *Hummell* Factors

Having determined that Plaintiffs are eligible for an attorney fee award, the Court must consider the *Hummell* factors before exercising discretion to award fees. *Simonia v. Glendale Nissan/Infinity Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010). The *Hummell* factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980).  "None of the *Hummell* factors is necessarily decisive; various permutations and combinations can support an award of attorney fees."  *Paddack v. Morris*, 783 F.2d 844, 846 (9th Cir.1986) (quoting *Maes v. Standard Ins. Co.*, 8 F. App'x 758, 761 (9th Cir. 2001)) (cleaned up).

### 1.  The degree of Defendant's culpability or bad faith

Bad faith may arise when a party needlessly prolongs the litigation.  *See, e.g.*, *Raff v. Belstock*, 933 F.Supp. 909, 917 (N.D. Cal. 1996).  Plaintiffs argue that Defendant acted in bad faith by raising arguments the Court ultimately dismissed, seeking discovery into the enforceability of the 2017 SPD, and filing a counterclaim alleging the existence of an earlier plan.  The tactics do not rise to the level of "needlessly" prolonging the litigation, even if Plaintiffs wish the litigation had ended sooner.  This factor weighs against awarding attorney fees.

### 2.  The ability of Defendant to satisfy an award of fees

Plaintiff argues that Defendant has the resources to pay, citing his recovery in the Underlying Action.  (Doc. 53 at 6.)  Defendant does not dispute this, and so this factor weighs in favor of awarding attorney fees.

### 3.  Whether an award of fees against opposing parties would deter others from acting under similar circumstances

This factor favors granting fees if they would have a deterrent effect on others bringing frivolous actions or defenses.  But this Court has already determined that Defendant did not act in bad faith, so an attorney fee award in this case would deter litigants from defending themselves in an ERISA suit.  This factor weighs against awarding fees. *Trustees of Cent. States, Se. & Sw. Areas Pension Fund v. Golden Nugget, Inc.*, 697 F. Supp. 1538, 1561 (C.D. Cal. 1988) (determining this factor did not favor a fee award when the Court found no bad faith for the first *Hummell* factor).

### 4.  Potential benefits to other ERISA beneficiaries or resolution of significant legal questions

The Court addresses only the first prong, as the parties agree the matter did not

resolve any significant legal question.  That first prong asks whether the party requesting fees seeks to benefit all participants and beneficiaries.  Plaintiffs cite *Schwade v Total Plastics, Inc.*, 837 F. Supp. 2d 1255, 1265 (M.D. Fla. 2011) for the proposition that subrogation provisions serve a good purpose in that the recoupment of plan expenditures by enhancing the viability of those plans and argues that any recovery of attorney fees here would benefit plan beneficiaries.  (Doc. 53 at 7.)  This fails for two reasons.  First, *Schwade*'s analysis doesn't concern the *Hummell* factors and thus does not control here.  Second, as Defendant argues, Plaintiffs have not shown that an attorney fee award would benefit Plan participates because it is unclear whether the award would go to United Healthcare or the Plan.  Plaintiffs' Reply does not address this ambiguity.  Plaintiffs have not met their burden here, and thus the Court declines to make a finding on this factor.  *See Shelton v. Hawaii Carpenters' Pension, Health & Welfare, Apprenticeship, Vacation & Holiday, & Annuity Tr. Funds*, 951 F.2d 362, *2 (9th Cir. 1991).

### 5.  The relative merits of both parties' positions

As noted above, Plaintiffs received a favorable judgment on the ERISA claim.  Also stated above, the Defendant's position was not entirely unmeritorious, though ultimately unavailing.  Thus, Plaintiffs' position was relatively more meritorious than Defendant's.  This factor weighs slightly in favor of awarding fees.   *See Golden Nugget, Inc.*, 697 F. Supp. at 1561 (C.D. Cal. 1988).

### 6.  Balancing the factors

On the one hand, Defendant marshalled a good faith defense (factor 1), and an attorney fee award might deter other parties from bringing their own good faith defense in similar circumstances (factor 3).  On the other hand, Defendant can satisfy a fee award (factor 2), and Plaintiffs' position was relatively more meritorious (factor 5).  Factor 4 carries no weight in this balancing. *See Shelton*, 951 F.2d at *2. On balance, the threat of deterrence in light of Defendant's good faith defense favors not awarding attorney fees.

## V.  Conclusion

Defendant has not shown cause to amend judgment, and Plaintiffs have not shown

that attorney fees are appropriate here.

**IT IS ORDERED** that Defendant's motion to amend judgment (Doc. 55) and Plaintiffs' motion for attorney fees (Doc. 53) are **DENIED**.

Dated this 28th day of March, 2022.

Douglas L. Rayes
United States District Judge